[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14161
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2011
JOHN LEY
CLERK

D. C. Docket Nos. 6:09-cr-00047-BAE-GRS-1,
6:09-cr-00057-BAE-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO AGUILAR-RAMIREZ,
a.k.a. Alex,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 27, 2011)

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Alejandro Aguilar-Ramirez pled guilty in separate cases to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and unlawful reentry into the United States, in violation of 8 U.S.C. § 1326. The sentence range prescribed by the Guidelines called for a sentence in each case of 97 to 121 months' imprisonment. The district court varied upwardly from that range and sentenced Aguilar-Ramirez to concurrent prison terms of 144 months. He now appeals his sentences on the ground that they are unreasonable.[1]

We review a sentence for reasonableness under the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007); *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). This review is deferential. The appellant bears the burden of establishing the absence of reasonableness in light of the record and the sentencing factors of 18 U.S.C. § 3553(a). *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Review for reasonableness has two steps. First, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as

---

[1] He also challenges the district court's drug quantity determination in fixing the Guidelines sentence range for the § 846 offense. He abandoned the challenge in the district court; hence, we do not consider it here. *United States v. Horsfall*, 552 F.3d 1275, 1283-84 (11th Cir. 2008), *cert. denied*, 129 S.Ct. 2034 (2009).

mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51, 128 S.Ct. at 597; *United States v. Livesay*, 525 F.3d 1081, 1093 (11th Cir. 2008). Procedural errors can also include selection of a sentence that is based on clearly erroneous facts, or failure to adequately explain the chosen sentence. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008) (citation omitted). A district court need not expressly discuss each and every § 3553(a) factor at the time of sentencing, but need only note that it has considered a defendant's arguments along with the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).

Second, we must determine whether the sentence imposed is substantively reasonable based on the factors in § 3553(a). *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. *Gall* instructs that the district court "must make an individualized assessment based on the facts presented." *Id.* at 50, 128 S.Ct. at 597. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quotation omitted).

The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect

the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

The sentences are not unreasonable in this case because the district court considered the statements of the parties, the defendant's history as set out in the presentence report, correctly calculated the Guidelines sentence range, and considered the factors set out in § 3553(a). Moreover, the sentences are not substantively unreasonable because the district court specifically discussed the § 3553(a) factors that affected its decision to impose the challenged variance, particularly noting the defendant's criminal history and the likelihood that he will commit further offenses on release from custody.

AFFIRMED.